**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

BERNARD ALAN WILLIS,

Plaintiff

vs.

SEAN J. STACKLEY, in his official capacity as the Acting Secretary of the Navy, and the DEPARTMENT OF THE NAVY

Defendants

**Case: 1:17-cv-00281**
**Assigned To : Moss, Randolph D.**
**Assign. Date : 2/14/2017**
**Description: FOIA/Privacy Act (I Deck)**

# COMPLAINT

## Introduction

1. This is an action in two counts. In the first count, Plaintiff seeks judicial review of an adverse decision of the Board of Corrections of Naval Records (BCNR). In the second, Plaintiff seeks to enforce his rights under the Privacy Act, 5 U.S.C. §552a.

2. Plaintiff is Bernard Alan Willis, a Navy veteran

3. Defendants are Sean J. Stackley, in his official capacity as Acting Secretary of the Navy and the United States Department of the Navy. The BCNR is a component entity within the Navy

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

RECEIVED
JAN 30 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## FACTUAL BACKGROUND

5. Plaintiff served honorably in the United States Navy from 1982 to 1991.

6. In or around 1991, Plaintiff suffered what a layman might characterize as a nervous breakdown due to financial difficulties, the illness of his mother, and the death of his cousin.

7. Plaintiff went absent without leave in or around January 1991.

8. Upon return to the Navy in April 1991, Plaintiff was hospitalized at the National Naval Medical Center in Bethesda for treatment.

9. Upon discharge from the hospital, Plaintiff was referred for a special court martial.

10. Plaintiff requested and received an "other than honorable" separation in lieu of court martial.

11. In 2015, Plaintiff sought correction of his naval record from the BCNR by way of a change in his discharge characterization from "other than honorable" to "honorable."

12. On or about March 9, 2016, the BCNR denied Plaintiff's request. A copy of that denial is attached hereto as Exhibit "A".

13. Plaintiff then retained the Pitt Law Veterans Practicum (Practicum) to assist him in obtaining a correction to his Navy records. The Practicum is a law school legal clinic that provides *pro bono* legal services to veterans.

14. In order to prepare Plaintiff's case, counsel requested Plaintiff's file from the BCNR under the Privacy Act. Exhibit "B", p. 1.

15. Even though the BCNR decision says it considered Plaintiff's naval record and "applicable statutes, regulations, and policies," the file sent to counsel lacked those items. Accordingly, Plaintiff filed a Privacy Act appeal. Exhibit B, p. 3.

16. Defendants responded to the appeal on September 30, 2016 by advising counsel that Plaintiff's naval record had been returned to the National Personnel Records Center (NPRC), and that the BCNR did not consider any statutes, regulations, or policies other than 10 U.S.C. §1552 and SECNAVINST 5420.193, relating to BCNR procedures.

17. Since the BCNR has not retained Plaintiff's naval record, judicial review in this case will have to be conducted based upon a reconstructed administrative record that includes a naval record file provided by the NPRC.

18. In counsel's experience, it is not unusual for multiple requests to the NPRC for a naval record to result in the NPRC providing responses that contain additional documents, or that lack documents previously provided. In other words, there is no guarantee that any reconstructed administrative record certified to this Honorable Court for judicial review will contain the exact naval record that was actually reviewed by the BCNR in Plaintiff's case.

## COUNT I – JUDICIAL REVIEW OF THE BCNR DECISION

19. An administrative action is arbitrary and capricious if, among other things, if the agency does not consider all relevant factors.

20. The BNCR is charged by statute to consider whether there was an error or injustice in the separation process. See 10 U.S.C. §1552.

21. In determine whether an error exists, the BCNR must consider Navy separation regulations as they were in effect at the time of the separation proceeding. These regulations are contained in a document commonly referred to as the MILPERSMAN.

22. Defendant's response to the Privacy Act appeal indicates that the BCNR did not consider the MILPERSMAN. Since the BCNR cannot determine whether a legal error exists without referencing the MILPERSMAN, the board did not consider a relevant factor in making its decision.

23. Additionally, the version of the naval record provided to counsel by the NPRC shows that the BCNR likely had evidence of Plaintiff's mental health problems before it. The BCNR's decision does not mention Plaintiff's mental health issues, and the record produced by the board to counsel shows that no medical advisory opinion was obtained by the BCNR relative to the effect of Plaintiff's mental health disorder on his misconduct. Accordingly, the BCNR

again did not consider a relevant factor in making its decision that there was no error or injustice relative to Plaintiff's separation. Further, the BCNR acted arbitrarily and capriciously in not requesting an advisory medical opinion regarding the effect of Plaintiff's mental health condition on his misconduct.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Reverse the decision of the BCNR;

b. Remand the case to the BCNR with instructions to obtain a medical advisory opinion and to reconsider the case expeditiously;

c. Award Plaintiff attorney fees and costs.

**COUNT II – PRIVACY ACT VIOLATION**

24. The BCNR is an entity within the Navy that retains a system of records. That system of records includes case files.

25. The Privacy Act requires, among other things, that the BCNR maintain records used in making any determination with such "accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. §552a(e)(5).

26. Counsel has been informed by BCNR staff that naval files are returned to the NPRC after adjudication because the board lacks space to store them. Staff did not explain why BCNR case files are not digitally scanned and preserved

after adjudication.

27. The procedure used by the BCNR makes it impossible for the board to certify an administrative record on judicial review without reconstructing that record. However, as noted above, there is no assurance that the reconstructed record is, in fact, the precise record reviewed by the BCNR. The agency cannot "assure fairness" in the determination because its actions preclude effective judicial review.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Determine that the BCNR's procedure of returning naval files to the NPRC without retaining a copy for judicial review violates the Privacy Act;
b. Award Plaintiff the minimum statutory damages of $1,000 for an intentional violation of 5 U.S.C. §552a(e);
c. Award Plaintiff attorney fees and costs.

Respectfully submitted

Jason W. Manne
Adjunct Professor of Law

Dated: January 23, 2017

Pitt Law Veterans Practicum
3900 Forbes Avenue
Pittsburgh, PA 15260
Tel: (412) 648-1285
Fax: (412) 648-2647

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD, SUITE 1001
ARLINGTON, VA 22204-2490

ES
Docket No: 2206-15

MR BERNARD A WILLIS
124 EAST INDIANA AVE
PHILADELPHIA PA 19134

Dear Mr. Willis:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

Although your application was not filed in a timely manner, the Board found it in the interest of justice to waive the statute of limitations and consider your application on its merits. A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 9 March 2016. The names and votes of the members of the panel will be furnished upon request. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record, and applicable statutes, regulations, and policies.

After careful and conscientious consideration of the entire record, the Board found the evidence submitted was insufficient to establish the existence of probable material error or injustice.

You reenlisted in the Navy on 24 July 1990. The record reflects that on 21 June 1991, you submitted a written request for an other than honorable discharge in order to avoid trial by court-martial for two specifications of unauthorized absence totaling about 107 days. Prior to submitting this request, you conferred with a qualified military lawyer at which time you were advised of your rights and warned of the probable adverse consequences of accepting such a discharge. Your request was granted and your commanding officer was directed to issue you an other than honorable discharge by reason of separation in lieu of trial by court-martial. As a result of this action, you were spared the

EXHIBIT 'A'

stigma of a court-martial conviction and the potential penalties of a punitive discharge and confinement at hard labor. On 3 July 1991, you were discharged with an other than honorable characterization of service.

The Board, in its review of your entire record and application, carefully weighed all potentially mitigating factors, such as your desire to upgrade your discharge. Nevertheless, the board concluded these factors were not sufficient to warrant relief in your case given the severity of your misconduct which resulted in your request for discharge. The Board believed that considerable clemency was extended to you when your request for discharge was approved since, by this action, you escaped the possibility of confinement at hard labor and a punitive discharge. The Board further concluded that you received the benefit of your bargain with the Navy when your request for discharge was granted and should not be permitted to change it now. Accordingly, your application has been denied.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. You are entitled to have the Board reconsider its decision upon submission of new and material evidence within one year from the date of the Board's decision. New evidence is evidence not previously considered by the Board prior to making its decision in your case. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

SCOTT F. THOMPSON
Executive Director

University of Pittsburgh

*School of Law*
*Veterans Practicum*

Barco Law Building
3900 Forbes Avenue
Pittsburgh, PA 15260
412-648-1285

June 29, 2016

Board of Corrections of Naval Records
701 S. Courthouse Road
Building 12, Suite 1001
Arlington, VA 22204-2490

Re: Re: Bernard Willis
SSN: [redacted]
Docket No: 2206-15

Dear Sir or Madam:

This is a Privacy Act for a copy of the Board of Corrections file(s) relative to the above referenced veteran. A copy of a Privacy Act release is attached.

The requested record should be sent to: Jason W. Manne, Veterans Practicum, University of Pittsburgh School of Law, 3900 Forbes Avenue, Pittsburgh, PA 15260. Please contact me for approval if fees will exceed $50.00.

If you have any questions, I can be reached via e-mail at jwm78@pitt.edu or via telephone at 724-635-5718.

Sincerely,

Jason W. Manne
Adjunct Professor of Law

**EXHIBIT 'B'**

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
701 S. COURTHOUSE ROAD
ARLINGTON, VA 22204

FOIA No: 2016008326
25 July 2016

MR JASON W MANNE
ADJUNCT PROFESSOR OF LAW
3900 FORBES AVENUE
PITTSBURGH PA 15260

Dear Mr. Manne:

This is in reference to your recent request, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. 552 and Privacy Act, 5 U.S.C. 552a, tracking number DON-NAVY-2016-008326, for a copy of file on Mr. Bernard Willis' file.

However, the social security numbers of third parties will be withheld. These social security numbers are not "about you" within the meaning of subsection (d)(1). Pursuant to exemption 522 U.S.C. (b)(6), the names and other personally identifiable information have been redacted.

You may appeal this response to the Department of the Navy, Office of the General Counsel. An appeal must be made in writing and sent to:

Department of the Navy
Office of the General Counsel
ATTN: FOIA Appeals
Room 4E635, 1000 Navy Pentagon
Washington, DC 20350-1000

Any appeal must be postmarked within 60 calendar days from the date of this letter and include a statement explaining why the appeal should be granted, a copy of this letter, and a copy of the original request. Both the appeal letter and the envelope should bear the notation, "Freedom Of Information Act Appeal." Failure to include with this information could result in the Department's rejection of your appeal.

If further inquiry is required regarding this matter, please contact Ms. Clemons, at 703-604-0814.

Sincerely,

ELIZABETH A. HILL
Executive Director
Acting

# University of Pittsburgh

*School of Law*
*Veterans Practicum*

Barco Law Building
3900 Forbes Avenue
Pittsburgh, PA 15260
412-648-1285

August 4, 2016

**FOIA APPEAL**

Department of the Navy
Office of General Counsel
Attn: FOIA Appeals
Room 4E635, 1000 Navy Pentagon
Washington, D.C. 20530-1000

Re: FOIA No. 2016008326

Dear Sir or Madam:

This is a Freedom of Information Act/Privacy Act appeal relating to the response of the Board of Corrections of Naval Records dated July 25, 2016 relating to our request for a copy of the Board of Corrections file(s) relative to the above referenced veteran.

We appeal the adequacy of the search. The BCNR opinion states that the Board reviewed "your naval record, and applicable statutes, regulations, and policies." Most of the naval record (including the naval medical record) is missing from the FOI/P response package as are the MILPERSMAN or other unpublished policies relied upon by the Board. These items should be in the BCNR file.

If you have any questions, I can be reached via e-mail at jwm78@pitt.edu or via telephone at 724-635-5718.

Sincerely,

Jason W. Manne
Adjunct Professor of Law

DEPARTMENT OF THE NAVY
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374

IN REPLY REFER TO:
5720
Ser 14/520
September 30, 2016

Mr. Jason W. Manne
Adjunct Professor of Law
3900 Forbes Avenue
Pittsburgh, PA 15260

SUBJECT: FREEDOM OF INFORMATION ACT (FOIA) AND PRIVACY ACT (PA) REQUEST DON-NAVY-2016-008326; FOIA/PA APPEAL DON-NAVY-2016-009587

This letter responds to your appeal dated August 4, 2016 which was received in this office on September 8, 2016. In your letter, you challenge the adequacy of the Board for Correction of Naval Records (BCNR) search for records.

Your appeal is a request for a final determination under the FOIA. For the reasons set forth below, your appeal is denied.

The adequacy of an agency's search for information requested under the FOIA is determined by a "reasonableness" test. Meeropol v. Meese, 790 F.2d 942, 956 (D.C. Cir. 1986). As a general rule, an agency must undertake a search that is reasonably calculated to locate the requested information. Kowalczyk v. Department of Justice, 73 F.3d 386, 388 (D.C. Cir. 1996). The mere speculation that requested documents exist does not undermine the finding that the agency conducted a reasonable search. Wilbur v. C.I.A., 355 F.3d 675, 678 (D.C. Cir. 2004) ("Likewise, the agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records").

In your FOIA/PA request to BCNR, you sought "a copy of the Board of Corrections file(s) relative to [Mr. Bernard Willis]." In response to your request, BCNR contacted all personnel who were involved in Mr. Willis' case to perform a thorough search of all documents and files that may be responsive to your request. The file BCNR provided to you, in its entirety, was Mr. Willis' file maintained in BCNR's records department.

In your appeal, you state that, "[m]ost of the naval record (including the naval medical record) is missing from the FOI/P response package . . . ." However, your FOIA/PA request was for a copy of the BCNR file pertaining to Mr. Willis, and you did not

elaborate further regarding any specific documents or files you sought. As a result, BCNR was not aware that you were also seeking Mr. Willis' official military personnel and medical records. Although these records were available for the Board's review at the time Mr. Willis' case was considered, they are not records owned or maintained by BCNR, and BCNR returned the records to the National Personnel Records Center on March 24, 2015.

Mr. Willis' military personnel and medical records may be obtained by contacting the National Personnel Records Center at the National Archives in St. Louis, Missouri. The address for the National Personnel Records Center is 1 Archives Drive, St. Louis, Missouri 63138. Additional information on how to request records can be found at https://www.archives.gov/veterans/military-service-records/index.html.

Finally, in your FOIA/PA appeal you state that "the MILPERSMAN or other unpublished policies relied upon by the Board" were also absent from BCNR's response. My office contacted BCNR to determine what applicable statutes, regulations, and policies were considered by the Board when reviewing Mr. Willis' case. The Board did not rely on any unpublished policies; rather, the Board acted in accordance with pertinent statutory and regulatory guidance governing the correction of military records; specifically, Section 1552 of Title 10, U.S. Code, and Secretary of the Navy Instruction 5420.193. These publically-available references are not typically included in BCNR case files, and they were not included in Mr. Willis' file.

Accordingly, under the circumstances, I find BCNR's search was reasonable under the FOIA. As the Department of the Navy's designated adjudication official for this FOIA/PA appeal, I am responsible for the denial of this appeal. You may seek judicial review of this decision by filing a complaint in an appropriate U.S. District Court. My office represents the U.S. government and is therefore unable to assist you in this process.

If you would like to seek dispute resolution services, you have the right to contact the Department of the Navy's FOIA public liaison, Mr. Chris Julka, at christopher.a.julka@navy.mil or (703) 697-0031.

5720
Ser 14/520
September 30, 2016

If you have further questions or concerns for my office, my point of contact is LT Zachary Dembo, JAGC, USN, who may be reached at zachary.dembo@navy.mil or 202-685-4596.

Sincerely,

L. E. BISHOP
Director
General Litigation Division
Acting

Copy to:
BCNR
DNS-36
DON CIO